# In re: PFIZER INC. MARKETING AND SALES PRACTICES LITIGATION.

**Michael Alan Caltieri, etc.**

**v.**

**Pfizer Inc., et al., D. Massachusetts, C.A. No. 1:09–11480**

**Kathleen Zafarana**

**v.**

**Pfizer Inc., et al., E.D. Pennsylvania, C.A. No. 2:09–4026.**

**MDL No. 2115.**

United States Judicial Panel on Multidistrict Litigation.

Dec. 1, 2009.

Before ROBERT L. MILLER, JR., Acting Chairman, JOHN G. HEYBURN II, Chairman *, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., DAVID G. TRAGER, Judges of the Panel.

* Judge Heyburn took no part in the disposition

**ORDER DENYING TRANSFER**

ROBERT L. MILLER, JR., Acting Chairman.

**Before the entire Panel \*:** Plaintiff in an action pending in the Eastern District of Pennsylvania (*Zafarana*) has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in that district. The litigation currently consists of that action and an action pending in the District of Massachusetts.

Plaintiff in the District of Massachusetts action (*Caltieri*) supports centralization, but advocates selection of the District of Massachusetts as transferee district. Common defendants Pfizer Inc. and its subsidiary Pharmacia & Upjohn Co. oppose centralization. If the Panel nevertheless orders centralization over their objections, then defendants favor selection of the Eastern District of Pennsylvania as transferee district.

On the basis of the papers filed and hearing session held, we will deny the Section 1407 motion. These two actions do, on their face, share allegations that defendants engaged in a fraudulent scheme and conspiracy to promote eleven different prescription drugs Geodon, Zyvox, Lyrica, Aricept, Lipitor, Norvasc, Relpax, Viagra, Zithromax, Zoloft, and Zyrtec. According to plaintiffs in both actions, defendants, *inter alia,* (1) promoted the drugs to physicians by offering them bribes or other inducements, (2) promoted the drugs at doses or for durations of use that were not medically safe or efficacious, (3) made false representations about the safety and efficacy of the drugs, and (4) promoted certain of the drugs for non-indicated "off-label" uses. As a review of the respective complaints reveals, however-er, the named plaintiffs allege that they themselves each took only one of those

of this matter.

eleven drugs, and that neither took the same drug as the other. The *Zafarana* plaintiff alleges that she took Lyrica, while the *Caltieri* plaintiff alleges that he took Geodon. Given that each of the eleven drugs necessarily has a different clinical, regulatory, medical, and promotional history, and that it is at least questionable whether either plaintiff can prosecute claims regarding drugs that he or she never actually took, we are not convinced that centralization under Section 1407 would serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation at the present time.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the motion for centralization is denied.